NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0688n.06

No. 12-6168

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | FILED |
|  | ) | **Jul 25, 2013** |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| JACQUELEN CHRISTINE KELLY, aka Jacquelyn | ) | THE EASTERN DISTRICT OF |
| Kelly, aka Jackie C. Anderson, | ) | TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |

Before: MOORE, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. Jacquelen Kelly appeals her sentence for pharmacy robbery in violation of 18 U.S.C. § 2118(a). Kelly argues that the district court's upward variance was procedurally and substantively unreasonable. We reject her arguments and affirm.

I.

Beginning in April 2011, Kelly robbed or attempted to rob 14 pharmacies to obtain Schedule II controlled substances. Typically, Kelly would give the pharmacist a note demanding specific controlled substances and either show the pharmacist a realistic BB gun or ensure that the weapon was visible. After receiving the controlled substances, Kelly would flee in a car driven by a co-conspirator.

Kelly was apprehended in July 2011 and pled guilty to one count of pharmacy robbery. Her Guidelines range was 46 to 57 months. At sentencing, the district court determined that several facts weighed in favor of an upward variance under 18 U.S.C. § 3553(a). Kelly robbed or attempted to rob 14 pharmacies, but her Guidelines range reflected only the single robbery to which she pled guilty. The district court noted that each robbery "amounts to a separate harm or a separate possibility of harm[,]" and that one of the purposes of § 3553(a) "was to empower the Court to impose . . . the appropriate sentence" based on "the totality of the conduct" rather than "how many counts a person pleads to." In weighing the totality of Kelly's conduct, the district court also considered that Kelly's use of a simulated gun and a getaway driver increased the risk that someone responding to the robbery would be injured. In addition, Kelly robbed or attempted to rob more pharmacies than any of her codefendants. Thus, the district court considered an upward variance to reflect Kelly's "greater degree of culpability . . . and also to reflect that the amount of loss suffered by her victims is greater than all the others." For all of these reasons, the district court varied upward and imposed a sentence of 98 months' imprisonment. This appeal followed.

II.

We review Kelly's sentence for an abuse of discretion. *United States v. Castilla-Lugo*, 699 F.3d 454, 459 (6th Cir. 2012). Kelly's primary argument is that her sentence was substantively unreasonable because the district court did not give enough weight to the "need to avoid unwarranted sentence disparities" under 18 U.S.C. § 3553(a)(6). She contends that her sentence created an unwarranted disparity because it was 72% above the top of her Guidelines range, while the median upward variance for robbery sentences in 2011 was only 48.2%. But Kelly has not shown that her

sentence actually created an unwarranted disparity. Section 3553(a)(6) cautions district courts to avoid sentencing disparities among defendants with "similar records" who are "guilty of similar conduct." Kelly has not argued that her record and conduct are similar to defendants who received a 48% upward variance rather than a 72% one.

Moreover, the record in this case supports the disparity between Kelly's variance and the median variance. Kelly robbed or attempted to rob 14 pharmacies, but only one robbery was reflected in her Guidelines range. And Kelly increased the risk that someone responding to the robbery would be injured when she encouraged the victims to believe she had a gun and when she fled the robberies in a getaway car. Thus, the district court reasonably determined that an upward variance was necessary to capture the totality of Kelly's conduct.

Finally, the district court's sentence reflects a reasonable balance of the § 3553(a) factors. The district court carefully weighed the nature and circumstances of Kelly's crimes. *See* 18 U.S.C. § 3553(a)(1). For the reasons described above, an upward variance was warranted to capture the seriousness of Kelly's offense and the danger it posed to the community. *Id.* § 3553(a)(2)(A), (C). And a variance provided just punishment for the separate harm caused by each of Kelly's robberies. *Id.* § 3553(a)(2)(A). Thus, the district court's sentence was substantively reasonable.

Kelly also argues that her sentence was procedurally unreasonable because the district court did not provide an adequate explanation for the upward variance. Given the reasons described above, however, we disagree.

The district court's judgment is affirmed.